IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |
|---|---|
| GLENDA MURPHY, )<br>                       Plaintiff, )<br>            v. )<br>THE UNITED STATES, )<br>                       Defendant. ) | No. 22-1382 C<br><br>Filed: March 23, 2023 |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Glenda Murphy, who is proceeding pro se, filed this action on September 26, 2022, seeking injunctive relief to prevent the transfer of ownership and possession of her home, as well as an award of $6 million in punitive damages. Before the Court is the Government's Motion to Dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), as well as Plaintiff's Motion to Join the Estate of Eric Murphy and Mary Lee pursuant to RCFC 19(a)(1)(B) and Motion to Request Hard Copy Documents. For the reasons discussed below, the Government's Motion is **GRANTED** and Plaintiff's Motions are **DENIED AS MOOT**.

**I. BACKGROUND**

**A.    Factual History**

The instant suit appears to relate to an eviction action filed against Plaintiff in California state court. Pl.'s Compl. at 1, ECF No. 1; Ex. 1 to Pl.'s Compl. at 1, ECF No. 1-1 (referring to Fontana Superior Court Case No. LLTVA 2202326). Based on a review of that docket, HIJ Investment LLC ("HIJ") brought the state court action to initiate the eviction of Plaintiff, her late husband (Eric Murphy), and Mary Lee from a home at 9965 McKinley Street, Rancho Cucamonga,

California. *See HIJ Inv. LLC v. Murphy*, No. LLTVA 2202326 (Cal. Super. Ct. 2022).[1] HIJ alleged that it acquired the home at a foreclosure sale on or about February 14, 2022, and that Plaintiff and the other occupants were unlawfully in possession of the property. Unlawful Detainer Compl. ¶¶ 2, 7, *HIJ Inv.*, No. LLTVA 2202326. The state court entered default judgment for HIJ on July 22, 2022. Clerk's J. for Possession, *HIJ Inv.*, No. LLTVA 2202326.

The Complaint at issue here alleges that unnamed employees of the United States, State of California, County of San Bernadino, and/or City of Rancho Cucamonga violated an implied contract created by the United States Constitution. ECF No. 1 at 1, 3–4. The Complaint lacks specific allegations of misconduct but generally alleges that "[t]he court action of [r]ecord"—presumably the state court action—is unconstitutional and unlawful, and it avers that taking "life, liberty, or property without a trial by jury" is a criminal violation. *Id.* at 3 (emphasis omitted). The Complaint cites the following constitutional provisions and federal statutes as the basis of Plaintiff's claims: Article VI, Clause 2 (Supremacy Clause) and Clause 3 (Oaths of Office); the Seventh Amendment; 5 U.S.C. §§ 3333, 7311; and 18 U.S.C. §§ 241, 242. As relief, Plaintiff seeks an injunction to "cease and desist . . . any action or Court order to take [Plaintiff's] house," *id.*, as well as an award of punitive damages, *id.* at 4.

**B.     Procedural History**

On January 5, 2023, the Government moved to dismiss Plaintiff's Complaint under RCFC 12(b)(1) for lack of subject-matter jurisdiction. *See* Def.'s Mot. to Dismiss, ECF No. 16. Plaintiff submitted a filing on February 3, 2023, which the Court construed as a response to the Government's Motion. *See* Answer & Notice/Mot. of Recission of Parcel, ECF No. 18. Since

---

[1] The filings in the state court eviction proceeding are accessible via the Superior Court of California, County of San Bernadino Court Access Portal available at https://cap.sb-court.org/search.

that filing, Plaintiff has filed two motions: (1) Motion to Join the Estate of Eric Murphy and Mary Lee pursuant to RCFC 19(a)(1)(B), and (2) Motion to Request Hard Copy Documents. *See* ECF Nos. 21, 22. The Government opposes both motions and suggests that the Court defer ruling on the joinder motion until it has ruled on the pending Motion to Dismiss. Def.'s Resp. to Mot. to Join Parties at 1, ECF No. 24; Def.'s Resp. to Mot. to Req. Hard Copy Docs., ECF No. 25.

## II. LEGAL STANDARDS

### A. Jurisdiction

The Tucker Act waives sovereign immunity and grants jurisdiction in the Court of Federal Claims to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, . . . or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act is "merely a jurisdictional statute and does not create a substantive cause of action." *Rick's Mushroom Serv. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (citing *United States v. Testan*, 424 U.S. 392, 398 (1976)). A plaintiff "must identify a separate source of substantive law" that establishes jurisdiction in this Court. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983)).

### B. Rule 12(b)(1) Motion

Before considering the merits of a claim, the Court must ensure the action is within its subject-matter jurisdiction. *See* RCFC 12(b)(1), (h)(3). When evaluating a motion under RCFC 12(b)(1) for lack of jurisdiction, the Court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011); *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). If facts are contested, however, the Court is

3

not confined to the "face of the pleadings" and is free to determine the facts of the case for itself when deciding whether to dismiss. *Griffin v. United States*, No. 21-2307T, 2022 WL 1101817, at *3 (Fed. Cl. Apr. 13, 2022); *see Mark Smith Constr. Co. v. United States*, 10 Cl. Ct. 540, 541 n.1 (1986). The plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *Griffin*, 2022 WL 1101817, at *3 (citing *Trusted Integration*, 659 F.3d at 1163). If the Court finds jurisdiction is lacking, it must dismiss the case. *Id.*

Because Plaintiff is proceeding pro se, the Court must construe her Complaint liberally "to raise the strongest arguments it suggests." *Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141 (Fed. Cir. 2018). That is not to say that the Court becomes "an advocate for the litigant." *Griffin*, 2022 WL 1101817, at *4. It ensures only that the pro se plaintiff's pleading is read in such a way that gives her every opportunity to make her claim for relief. *Id.* Although pro se plaintiffs are held to "less stringent standards" than plaintiffs represented by counsel, Plaintiff nonetheless has the burden to prove that the jurisdictional requirements to bring suit in this Court have been met. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *see Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

### III. DISCUSSION

Plaintiff's Complaint suffers from multiple jurisdictional defects and, as a result, must be dismissed. The Court addresses each defect in turn.

**A.    The Complaint Asserts Claims Against Parties Other Than the United States.**

Plaintiff's Complaint vaguely asserts allegations against several parties, including United States officials, California state and local officials, as well as private corporate organizations. ECF No. 1 at 1, 3–4. None of the parties are specifically identified by name or entity, and it is not clear whether or how the United States is involved in either the foreclosure or state court eviction

proceedings that preceded this action. It is well established that "the *only* proper defendant for any matter before this court is the United States, not its officers, nor any other individual." *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)). Any relief sought against individuals or entities other than the United States must therefore "be ignored as beyond the jurisdiction of the court." *Sherwood*, 312 U.S. at 588; *see Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014) (dismissing claims against state and local officials for lack of jurisdiction); *Pikulin v. United States*, 97 Fed. Cl. 71, 75 (2011) (dismissing claims against federal officials or judges); *Edelmann v. United States*, 76 Fed. Cl. 376, 380 (2007) (dismissing claims against private parties). Indeed, the allegations that give rise to Plaintiff's claims stem from a judgment against Plaintiff in state court eviction proceedings, which this Court is powerless to review or set aside. *See, e.g.*, *Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970).

    **B.**    **The Complaint Does Not Allege a Non-Frivolous Contract Claim or Money Mandating Source of Law Necessary to Invoke the Court's Jurisdiction.**

Plaintiff's Complaint asserts a "Claim of Contract Violations" based on a purported "unilateral contract" created by the Constitution. ECF No. 1 at 1. Several decisions of this Court have held that the Constitution cannot, on its own, create an express or implied contract with the United States for the purpose of seeking relief under the Tucker Act. *See Taylor v. United States*, 113 Fed. Cl. 171, 173 (2013); *Griffith v. United States*, No. 14-793C, 2015 WL 430285, at *3 (Fed. Cl. Jan. 30, 2015); *Asmussen v. United States*, No. 14-825C, 2015 WL 351611, at *2 (Fed. Cl. Jan. 27, 2015). As such, Plaintiff has failed to state "more than a non-frivolous allegation of a contract with the government" necessary to invoke the Court's jurisdiction. *Engage Learning, Inc. v. Salazar*, 660 F.3d 1346, 1353 (Fed. Cir. 2011) (emphasis omitted); *see Perry v. United States*, 149 Fed. Cl. 1, 12 (2020), *aff'd*, No. 2020-2084, 2021 WL 2935075 (Fed. Cir. July 13, 2021).

Even assuming the Complaint purports to state a claim based directly on a violation of the Constitution, Plaintiff has not established that any constitutional provision cited creates a substantive right to money damages from the United States. *See Fisher*, 402 F.3d at 1173 ("[T]he absence of a money-mandating source [is] fatal to [this Court's] jurisdiction under the Tucker Act."). While the Complaint cites various constitutional provisions, Plaintiff appears to contend that the state court eviction action violated her right to a trial by jury under the Seventh Amendment. *See* ECF No. 1 at 2–4. The Federal Circuit has held that when a constitutional provision "neither explicitly nor implicitly obligate[s] the federal government to pay damages . . . it does not provide persons aggrieved by governmental action with an action for damages in the absence of some other jurisdictional basis." *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983). Even assuming the Seventh Amendment applies in state court civil actions, the Court does not have jurisdiction to adjudicate claims premised on the violation of an individual's jury trial rights because the Seventh Amendment is not money-mandating. *See, e.g.*, *Allen v. United States*, No. 2021-1631, 2022 WL 180760, at *2 (Fed. Cir. Jan. 20, 2022) (per curiam); *Abbas v. United States*, 124 Fed. Cl. 46, 55–56 (2015), *aff'd*, 842 F.3d 1371 (Fed. Cir. 2016). Aside from the Constitution, the Complaint also does not identify any money-mandating statute or regulation upon which subject-matter jurisdiction can be based. *See* ECF No. 1 at 1 (citing 18 U.S.C. §§ 241, 242, which define criminal violations for conspiracy against rights and deprivation of rights under color of law); *id.* at 2 (citing 5 U.S.C. §§ 3333, 7311, which address federal employment requirements); *id.* (citing Fed. R. Civ. P. 38(a), which sets forth procedures for jury trials in civil actions brought in federal court).

Nor would the Court have jurisdiction to the extent the Complaint could be construed as alleging criminal violations or constitutional tort claims under 42 U.S.C. § 1983 and *Bivens v. Six*

*Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) (no jurisdiction to adjudicate claims under the federal criminal code); *Blassingame v. United States*, 33 Fed. Cl. 504, 505 (1995), *aff'd*, 73 F.3d 379 (Fed. Cir. 1995) (no jurisdiction over § 1983 claims); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) (no jurisdiction over *Bivens* actions).

    **C.**    **The Court Lacks Authority to Enter the Injunctive Relief Requested.**

In addition to punitive damages, Plaintiff's Complaint seeks an order enjoining any actions to evict Plaintiff from her home and restoring her ownership interests in the home free from encumbrances. ECF No. 1 at 3, 4. Even assuming the Court had subject-matter jurisdiction over Plaintiff's claims, the Tucker Act provides for equitable relief only in limited circumstances in actions asserted under § 1491(a)(1). *See* 28 U.S.C. § 1491(a)(2) (permitting the Court, "as an incident of and collateral to any such judgment, [to] issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records"). In simple terms, the Court lacks authority to award non-monetary relief "unless it is tied and subordinate to a money judgment.'" *James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998) (quoting *Austin v. United States*, 206 Ct. Cl. 719, 723 (1975)). The Complaint here presents the opposite scenario, as the principal relief requested is non-monetary and bears no relation to a monetary award of punitive damages.

    **D.**    **The Motion to Join Parties and Motion to Request Hard Copy Documents are Denied as Moot.**

In light of the Court's finding that it lacks jurisdiction to adjudicate Plaintiff's claims, the pending motions requesting joinder of third parties and hard copy documents must be denied as moot. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)) ("Jurisdiction is power to declare the law, and when

it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). Plaintiff's request for hard copies is moot for an additional reason. The Government represents in its response to that motion that "[a]ll prior Government filings were addressed to [the] P.O. Box" address to which Plaintiff requests that hard copies be sent. ECF No. 25 at 1. And each of the Government's filings contain the requisite certificates of service reflecting that copies of those filings were mailed to the proper address. *See* ECF Nos. 7, 16, 19, 24, 25.

### IV.  CONCLUSION

For the foregoing reasons, this Court's limited jurisdiction does not extend to Plaintiff's claims. Accordingly, Defendant's Motion to Dismiss (ECF No. 16) is **GRANTED**, and Plaintiff's Complaint is **DISMISSED** without prejudice for lack of jurisdiction pursuant to RCFC 12(b)(1). Plaintiff's Motion to Join Parties (ECF No. 21) and Plaintiff's Motion to Request Hard Copy Documents (ECF No. 22) are **DENIED AS MOOT**. The Clerk is directed to enter judgment accordingly.

The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith because the alleged claims fall outside the Court's statutorily prescribed jurisdiction.

**SO ORDERED.**

Dated:  March 23, 2023  */s/ Kathryn C. Davis*
KATHRYN C. DAVIS
Judge